**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STACI L. BROWNFIELD,

                   Plaintiff,

vs.                                     Case No. 3:16-cv-1433-J-34JRK

CITY OF LAKE CITY,

                   Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

      This cause is before the Court on Defendant City of Lake City's Motion to Tax Costs and Memorandum of Law in Support Thereof (Doc. No. 48; "Motion"), filed March 28, 2018. In the Motion, Defendant seeks costs in the amount of $3,333.63 ($2.291.25 for court reporter fees; $262.38 for "exemplification and copies of papers necessarily obtained for use in the case"; and $780 for court-ordered mediation fees). Motion at 2; see also Bill of Costs (Doc. No. 49), filed March 28, 2018. On April 11, 2018, Plaintiff filed her Objections and Memorandum of Law in Opposition to Defendant's Bill of Costs (Doc. No. 51; "Objections"), in which she objects to the cost of court-ordered mediation. See generally Objections.

---

[1]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02; Rule 12, Rules Governing Section 2255 Proceedings.

## I. Background

On March 14, 2018, the Court granted Defendant City of Lake City's Motion for Summary Judgment (A Dispositive Motion) with Supporting Memorandum of Law (Doc. No. 22), filed September 15, 2017. See Order (Doc. No. 46). In the Order, the Court directed that judgment be entered in favor of Defendant City of Lake City and against Plaintiff Stacie L. Brownfield. See Order at 27. Judgment was entered accordingly on March 14, 2018. See Judgment in a Civil Case (Doc. No. 47). Thereafter, the Motion and the Objections were filed. On April 3, 2018, the Honorable Marcia Morales Howard referred the Motion to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Order of Referral (Doc. No. 50).

## II. Discussion

Rule 54(d), Federal Rules of Civil Procedure ("Rules(s)"), provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Rule 54(d) 'does not bestow on a court limitless discretion to tax costs to reimburse the litigant for every expense he has seen fit to incur in the conduct of his case.'" Tiara Condo. Ass'n v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1369 (S.D. Fla. 2010) (quoting Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 478 (N.D. Ga. 1995)). Rather, "absent explicit statutory or contractual authorization . . . federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987); see also Tiara Condo. Ass'n, 697 F. Supp. 2d at 1369; Saadi v. Maroun, No. 8:07-cv-1976-T-24 MAP, 2009 WL 4730533, at *2 (M.D. Fla. Dec. 7, 2009) (unpublished).

"[I]t is well settled within the Middle District [of Florida] that costs associated with mediation, even court-ordered mediation, are not recoverable under section 1920." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013) (unpublished); see, e.g., Lane v. G.A.F. Material Corp., No. 8:11-cv-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013) (unpublished); Hawkins v. Condo. Owners Ass'n of Sand Cay, Inc., No. 8:10-cv-650-T-30TBM, 2012 WL 4761357, at *5 (M.D. Fla. Oct. 5, 2012) (unpublished). "Mediation costs are recoverable, however, where the case management and scheduling order provides that they may be taxed upon the prevailing party's motion." GP by & through JP v. Lee Cty. Sch. Bd., No. 2:15-cv-728-FTM-38CM, 2018 WL 3118387, at *3 (M.D. Fla. June 8, 2018) (unpublished), report and recommendation adopted, No. 2:15-cv-728-FTM-38CM, 2018 WL 3105245 (M.D. Fla. June 25, 2018) (unpublished).

There is no dispute that Defendant is the prevailing party in this matter. The costs that are not objected to by Plaintiff, totaling $2,553.63, are compensable and appropriately documented and should thus be awarded. The undersigned finds, however, that the $780 in costs associated with mediation should not be awarded as these costs are not provided for in 28 U.S.C. § 1920. See Tempay Inc., 2013 WL 6145533, at *6. Moreover, the Case Management and Scheduling Order and Referral to Mediation (Doc. No. 15; "CMSO"), entered January 20, 2017, does not provide for the taxation of mediation costs. See GP by & through JP, 2018 WL 3118387, at *3. Indeed, the CMSO states that "[a]bsent agreement otherwise by the parties or order of the Court, the cost of the mediator's services shall be borne equally by the parties." CMSO at 6. Accordingly, it is

-3-

**RECOMMENDED THAT**:

1.      Defendant City of Lake City's Motion to Tax Costs and Memorandum of Law in Support Thereof (Doc. No. 48) be **GRANTED in part and DENIED in part**.

2.      The Motion be **GRANTED to the extent** that the Clerk of Court be directed to adjust the Bill of Costs (Doc. No. 49) accordingly; tax the adjusted Bill of Costs; and enter judgment for Defendant and against Plaintiff in the amount of $2,553.63 for costs incurred in this matter, plus post-judgment interest accruing from March 14, 2018.

3.      Otherwise, the Motion be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on August 9, 2018.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record